UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Sabrina Outlaw,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:1:14-cv-1403 |
| | ) |
| **Med Shield, Inc.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

1

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. Plaintiff Sabrina Outlaw is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Med Shield Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 2424 E. 55th Street, Suite 100, Indianapolis, IN 46220.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto*.

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On August 27, 2013, the Defendant sent the Plaintiff a dunning letter in an attempt to collect a debt.  *See Exhibit "2" attached hereto.*

27. The principal amount stated on the August 27, 2013, dunning letter is $153.60.  *See Exhibit "2" attached hereto.*

28. The August 27, 2013, dunning letter adds interest in the amount of $0.20.  *See Exhibit "2" attached hereto*.

29. The August 27, 2013, dunning letter did not include the 30-day validation notice on the front of the letter, nor did it have any language indicating that there was important information on the reverse side of the letter.  *See Exhibit "2" attached hereto*.

30. The notice required by 15 U.S.C. § 1692g was not effectively provided in the communication to the Plaintiff which, in turn, constitutes a violation of the FDCPA. *See* Swanson v. Southern Oregon Credit Service, 869 F.2d 1222 (9th Cir. 1988)("The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor.  It must be large enough to be easily read and sufficiently prominent to be noticed..."); Read v. Amana Collection Servs., 1991 U.S. Dist. LEXIS 21773 (W.D.N.Y. Jan. 15, 1991)(placing the required notice on the back without any reference on the front of the letter is effectively no notice at all); Riveria v. MAB Collections, Inc., 682 F.Supp. 174 (W.D.N.Y. 1988)(placement of required validation notice on reverse side of form collection letter, without any reference to the notice on the front of the letter, was insufficient to comply with the FDCPA); Carbajal v. Capital One, F.S.B., 2003 WL 22595265, at *2 (N.D. Ill 2003)("If the notice is on the back of the letter, however, there must be a prominent reference to it on the front, which must advise the debtor, at a minimum, that there is 'important information' on the reverse side of the letter")(*citing* McStay v. I.C. System, Inc., 308 F.3d 188, 191 (2d Cir. 2002)).

31. The Defendant therefore failed to effectively provide the required validation notice in addition to misrepresenting the amount of the debt owed by the Plaintiff.

32. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 32 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692g by failing to effectively provide the Plaintiff with the required validation notice.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by adding interest at a rate not authorized.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to collect an amount not authorized by the underlying transaction creating the debt or permitted by law.

5. The Defendant misrepresented the amount of this debt to the Plaintiff which constitutes a violation of 15 U.S.C. § 1692e.

**6.** As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.
2. Actual damages under 15 U.S.C. § 1692k(a)(1).
3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).
4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com